UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| George L. Smith | § |
| | § |
| | § Civil Action No. |
| | § |
| v | § 5:18-cv-1079 |
| | § |
| Medical-Dental-Hospital Bureau of San Antonio, Inc d/b/a Business and Professional Service | § |

**Complaint**

_____

**Introduction**

1. The Fair Debt Collection Practices Act was enacted to protect consumers from unscrupulous debt collectors. Congress cited abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. It found that these practices lead to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

2. Among the protections provided to consumers by the FDPCA is the right to be free from communications when represented by an attorney. 15 U.S.C. § 1692c(a)(2). The FDCPA prohibits false and misleading representations, including but not limited to, false representation of the character, amount, or legal status of the dent, the communication of false credit information, and the use of any false representation or deceptive means to collect or attempt to collect a debt.

3. Plaintiff brings this action to address Defendant's violations of the FDCPA and seeks statutory damages, actual damages, attorney's fees, and costs of litigation.

**Jurisdiction & Venue**

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

**Parties**

6. Plaintiff, George L. Smith, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

7. Defendant, Medical-Dental-Hospital Bureau of San Antonio, Inc d/b/a Business and Professional Service is a Texas corporation whose principal business address is 621 N. Alamo St., San Antonio, Texas 78215. BPS may be served at that address via its registered agent Thomas R. Benesch.

**Facts**

8. BPS regularly collects, and attempts to collect, defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.

9. The principal purpose of BPS is the collection of such debts.

10. The Debt is a defaulted debt that Smith incurred for personal, family, and household purposes (the "Debt").

11. On or about May 18, 2016 Smith was involved in a serious car wreck.

12. He sought counsel for his personal injuries.

13. He hired Thomas J. Henry's office to handle his claims.

14. After some time it was determined that his neck required surgery.

15. The surgery was performed under a promise that Mr. Henry's office would pay the surgery costs out of the recovery on the case.

16. Anesthesia was required during the surgery on Smith's neck.

17. When the anesthesiologist's office was not compensated for its services as quickly as it would have liked, it sent Smith's account to BPS.

18. BPS called and sent letters to Smith in an effort to collect the Debt.

19. Smith informed Henry's office of these collection efforts.

20. On October 9, 2017 Henry's office sent a letter to BPS demanding it cease communication with Smith or face action under the FDCPA.

21. Undeterred, BPS called Smith on November 1, 2017.

22. Smith's injury case settled and all payments, including the anesthesiologist, were made in May of 2018. Henry's office

issued a check to the anesthesiologist for the full balance ($1,610.00) on May 24, 2018.

23. In spite of the full payment of the Debt in May BPS failed to correct its credit reporting.

24. A late as August 20, 2018 BPS reported that Smith had a delinquent debt of $1,610.

25. BPS's false credit reporting caused Smith's credit score to drop from 844 to 722. The sudden and precipitous drop caused him difficulty in securing credit.

## Cause of Action – Fair Debt Collection Practices Act

26. BPS is a debt collector as defined by 15 U.S.C. § 1692a(6).
27. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).
28. Smith is a consumer as defined by 15 U.S.C. § 1692a(3).
29. The November 1, 2017 phone call is a communication as defined by 15 U.S.C. § 1692a(2).
30. The November 1, 2017 phone call was placed after the October 9, 2017 letter to BPS informing it that Smith was represented by counsel.

31. By placing a call to Smith after being put on notice that he was represented by counsel, BPS violated the FDCPA. 15 U.S.C. § 1692c(a)(2).

32. BPS's credit reporting is a communication as defined by 15 U.S.C. § 1692a(2).

33. BPS's credit reporting violated the FDCPA in that after May 24, 2018:

   a. It made a false representation of the character, amount, or legal status in violation 15 U.S.C. § 1692e(2)(a);

   b. It communicated credit information which it knew or should have known to be false in violation of 15 U.S.C. § 1692e(8); and

   c. It engaged in the use of a false representation in an attempt to collect a debt in violation of 15 U.S.C. § 1692e(10).

**Jury Demand**

34. Plaintiff demands this case be tried before a jury.

**Prayer for Relief**

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

   a. Actual damages per 15 U.S.C. § 1692 k(a)(1);

b. Statutory damages per 15 U.S.C. § 1692k(a)(2); and

c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3).

Dated October 12, 2018          Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie
San Antonio, TX 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com